IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SUSAN HERNDON and<br>HARV HERNDON, | )<br>)<br>) |
| Plaintiffs, | )   **CIVIL ACTION** |
| | ) |
| v. | )   No. 07-1065-MLB |
| | ) |
| THE CITY OF PARK CITY,<br>KANSAS, | )<br>) |
| | ) |
| Defendant. | ) |

_____

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant The City of Park
City, Kansas' ("the City's") motion for summary judgment.  (Doc. 13.)
The motion has been fully briefed and is ripe for decision.  (Docs.
14, 20, 24.)  The motion is GRANTED in part and DENIED in part for the
reasons stated herein.

**I.  FACTS**

Plaintiffs, Susan and Harv Herndon, filed suit on February 1,
2007, in Sedgwick County district court, alleging violations of their
rights by the City.  Plaintiffs' petition states that on October 7,
2004, a search warrant issued by the Sedgwick County district court
was executed at plaintiffs' home pursuant to a criminal investigation
of Susan Herndon.  Plaintiffs allege the search warrant "was defective
on its face and was improperly and illegally executed."  Plaintiffs
also allege the search warrant was "insufficiently particularized and
overbroad;" that items "not included or identified in the warrant were
seized;" and that the City failed to return all the Herndon's personal
property.  Regarding Harv Herndon, plaintiffs' petition states that,

although he requested return of his computer, the City did not do so, and this caused him "tremendous business problems, anxiety and loss." On May 2, 2006, after Susan Herndon entered a plea of guilty, the City entered an order to return the property seized through the search warrant.

Plaintiffs allege that their constitutional rights, namely those under the Fourth, Fifth, and Fourteenth Amendments, were violated by the City's actions, and pursue a claim via 42 U.S.C. § 1983. Plaintiffs also pursue a claim for conversion. Plaintiffs claim their damages based on the:

> defective search warrant, the improper and
> illegal actions of defendant and its employees to
> remove wrongfully items not identified in the
> search warrant and items belonging to Mr.
> Herndon, for malicious and intentional conversion
> of plaintiffs' personal property, and for
> defendant's failure to return all items seized to
> plaintiffs.

(Doc. 1 Exh. A.)

The City removed the case to this court on March 7, 2007 and filed its motion for summary judgment shortly thereafter, on June 15, 2007. The City argues that plaintiffs' claims brought via § 1983 are barred by the applicable statute of limitations and that plaintiffs conversion claim fails because "the conduct complained of was authorized by court orders and Kansas law." (Doc. 14.)

The City attempts to establish certain other facts in its motion, and plaintiffs attempt to controvert the same. The court finds, however, that these additional facts, and resolution of the parties' dispute regarding whether the facts are properly controverted, is not necessary for resolution of the City's present motion. Although many

of the additional facts are immaterial to the issues the court must resolve, they may be quite relevant and material to a future dispositive motion or, if necessary, at a trial.

## II.  ANALYSIS

### A.  Summary Judgment Standards

The rules applicable to the resolution of this case, now at the summary judgment stage, are well known and are only briefly outlined here.  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).  When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  If so, the court cannot grant summary judgment.  Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

### B.  Section 1983

Section 1983 renders liable any person who "under color of [law] . . . subjects, or causes to be subjected, . . . any [person] . . .

to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." The statute was enacted to provide protection to those persons wronged by the misuse of power. While the statute itself creates no substantive civil rights, it does provide an avenue through which civil rights can be redeemed. See Wilson v. Meeks, 52 F.3d 1547, 1552 (10th Cir. 1995) ("Section 1983 creates no substantive civil rights, only a procedural mechanism for enforcing them."). To state a claim for relief in a § 1983 action, plaintiffs must establish that they were (1) deprived of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed under color of state law. See American Mfr's. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The City asserts that plaintiffs' § 1983 claim is barred by the applicable limitations period. The City argues that plaintiffs' claim arose in October 2004, at the time of the search and seizure, and, therefore, plaintiffs' § 1983 claim filed in February 2007 is beyond the limitations period for such an action. In Kansas, an action brought under § 1983 is subject to a two-year statute of limitations.[1] Brown v. Unified Sch. Dist. 501, 465 F.3d 1184, 1188 (10th Cir. 2006); Hamilton v. City of Overland Park, Kan., 730 F.2d 613, 614 (10th Cir. 1984) (stating that because Congress has not enacted a statute of limitations applicable to § 1983, all § 1983 claims should be characterized as actions for injury to the rights of another and that Kansas' statute of limitations for such an action is two years); Kan. Stat. Ann. § 60-513(a)(4) (stating that an "action for injury to the

---

[1] No party disputes that Kansas law applies to plaintiffs' claims.

rights of another" shall be brought within two years).

Plaintiffs respond that their § 1983 claim is not based on the October 2004 search and seizure, but on the City's alleged failure to return property to plaintiffs in May 2006. "[F]ederal law determines the accrual of section 1983 claims." <u>Fratus v. DeLand</u>, 49 F.3d 673, 675 (10th Cir. 1995); <u>see also</u> <u>Price v. Philpot</u>, 420 F.3d 1158, 1162 (10th Cir. 2005) ("When a claim accrues, and thus when the limitations period begins to run, is a question of federal law."). The "running of the statute of limitations in a § 1983 action begins when the cause of action accrues, when 'facts that would support a cause of action are or should be apparent.'" <u>Bedford v. Rivers</u>, No. 98-6389, 1999 WL 288373, at *1 (10th Cir. 1999) (quoting <u>Fratus</u>, 49 F.3d at 675). The Tenth Circuit stated in <u>Price</u>:

> "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Baker v. Bd. of Regents</u>, 991 F.2d 628, 632 (10th Cir. 1993). Indeed, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." <u>Id.</u>; <u>see also</u> <u>Johnson v. Johnson County Comm'n Bd.</u>, 925 F.2d 1299, 1301 (10th Cir. 1991) ("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.").

420 F.3d at 1162.

The City replies that plaintiffs' petition alleges harm based solely on the October 2004 search and seizure. That interpretation of plaintiffs' claim is reasonable. Plaintiffs' petition alleges harm stemming from their: "constitutional rights to be protected against having their property invaded and unreasonably searched and their property seized, without a warrant issued upon probable cause, that

described property to be seized with particularity, or to be protected from seizure of their property not particularly described in such warrant (Fourth Amendment)." This is clearly a claim challenging the October 2004 search and seizure itself, and is therefore barred by the two-year statute of limitations. Therefore, the City's motion for summary judgment as to that portion of plaintiffs' claim alleging violations of plaintiffs' rights for an unconstitutional search and seizure is granted.

The court finds, however, that plaintiffs' petition also alleges a § 1983 claim based on the City's alleged failure to return plaintiffs' property. Plaintiffs' petition states as one of the factual bases for the alleged violation of their constitutional rights: "Following the search and seizure, plaintiffs' property was not returned to them but lost, abandoned, destroyed or given by defendant to other persons unknown and unknowable to plaintiffs." This alerts the City to an alleged claim under the Fifth and Fourteenth Amendments, brought via § 1983. The allegations stem from the May 2006 court order directing the City to return the property seized through the search warrant. As a result, the claim is not barred by the two-year statute of limitations and the motion for summary judgment as to that portion of plaintiffs' claim alleging violations of plaintiffs' rights for failure to return plaintiffs' property is denied, because the City's statute of limitations defense fails.

The court must always assure itself of its jurisdiction, however. See Image Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (stating that a federal court has an independent

-6-

obligation to determine whether subject matter jurisdiction exists and may raise the issue at any stage in the litigation).  It is unclear from the briefing currently before the court how the City's May 2006 behavior rises to the level of a federal constitutional harm. Therefore, within fourteen days of the date of this order, plaintiffs must show how their allegations state a federal constitutional claim giving this court subject matter jurisdiction.  Plaintiffs must support their arguments with legal authority.  Robey-Harcourt v. BenCorp Financial Co., Inc., 326 F.3d 1140, 1143 (10th Cir. 2003). The City may respond within fourteen days of plaintiffs' filing.  Each brief shall be limited to ten pages and no reply shall be filed.  In the alternative, plaintiffs may voluntarily dismiss their § 1983 claim.

**C.  Conversion**

"Conversion is the unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights." Bomhoff v. Nelnet Servs., Inc., 279 Kan. 415, 421, 109 P.3d 1241, 1246 (2005) (emphasis added) (holding that federal regulations gave a private lender authority to apply payments to interest before principal and therefore no conversion could be found because the private lender had authority to act as it did).  The City argues that the conduct complained of by plaintiffs was authorized, and therefore cannot form the basis for a conversion claim.

Court orders authorizing the taking of personal property cannot form the basis for a conversion claim.  See Whitehead v. Allied Signal, Inc., No. 98-6305, 1998 WL 874868, at *2 (10th Cir. Dec. 16,

-7-

1999) ("It is a general rule of tort law that court orders validate actions that would otherwise constitute intentional property torts such as conversion and trespass." (citing, inter alia, Restatement (Second) of Torts § 266 (1965))). The Restatement (Second) of Torts, § 266, states: "One is privileged to commit acts which would otherwise be a trespass to a chattel or a conversion when he acts pursuant to a court order which is valid or fair on its face."

Plaintiffs repeatedly state throughout their response to the City's motion for summary judgment that the October 2004 seizure "does not form the substance of plaintiffs' claims" and that their claims lie solely in the City's alleged failure to return property after May 2006. The City's motion for summary judgment does not establish sufficient facts necessary for this court to determine whether the City exercised control over plaintiffs' personal property after May 2006, let alone whether the alleged failure to return was authorized. As a result, the court cannot grant summary judgment to the City on plaintiffs' conversion claim. See Fed. R. Civ. P. 56(c) (requiring the party moving for summary judgment to establish that "there is not genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law").

Again, however, the court emphasizes that plaintiffs have repeatedly denied that their claims stem from the October 2004 search and seizure, and are based solely on the May 2006 failure to return property. The court will hold plaintiffs to this position. Unless plaintiffs can demonstrate that this court has subject matter jurisdiction over their § 1983 claim, see supra, the court will not exercise supplemental jurisdiction over plaintiffs' conversion claim.

-8-

See 28 U.S.C. § 1367(c)(3) (granting authority to district courts to decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it has original jurisdiction).

**III.   CONCLUSION**

Defendants's motion for summary judgment (Doc. 13) is GRANTED in part and DENIED in part for the reasons stated more fully herein.

Plaintiffs are ordered to show cause, within fourteen days of the date of this order, why this matter should not be dismissed for this court's lack of subject matter jurisdiction.  Defendant may respond within fourteen days of the date of plaintiffs' filing.  Each brief shall be limited to ten pages and no reply shall be filed.  In the alternative, plaintiffs may voluntarily dismiss their § 1983 claim. If plaintiffs' § 1983 claim is ultimately dismissed, the court will decline to exercise supplemental jurisdiction over plaintiffs' conversion claim.

Discovery in this case is stayed, pending this court's determination of its subject matter jurisdiction.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed five double-spaced pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp, 810 F. Supp. 1172, 1174 (1992).  The response to any motion for reconsideration shall not exceed five double-spaced pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this   20th   day of September, 2007, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
