IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

SUSAN HERNDON and          )
HARV HERNDON,              )
                          )
            Plaintiffs,    )      **CIVIL ACTION**
                          )
v.                         )      No. 07-1065-MLB
                          )
THE CITY OF PARK CITY,     )
KANSAS,                    )
                          )
            Defendant.     )
_____)

<u>MEMORANDUM AND ORDER</u>

This case, brought by plaintiffs Susan and Harv Herndon against the City of Park City, Kansas ("the City"), alleges a violation of plaintiffs' constitutional rights and a claim for conversion. (Doc. 1 Exh. A.)  This matter comes before the court on the parties' responses to the court's order to show cause regarding this court's subject matter jurisdiction. (Docs. 29, 30.)

After considering the parties responses, the case is dismissed for the reasons stated more fully herein.

**I.  FACTS AND PROCEDURAL HISTORY**

This case was removed to this court, from the Sedgwick County, Kansas District Court, on March 7, 2007. (Doc. 1.)  The City filed its motion for summary judgment shortly thereafter, on June 15, 2007. <u>See</u> Docs. 13 (motion), 14 (supporting memorandum and exhibits), 20 (response), 24 (reply).  On September 20, 2007, this court granted in part and denied in part the City's motion. (Doc. 28.)

In its memorandum and order, the court: 1) granted summary judgment on plaintiffs' § 1983 claims stemming from an October 2004

search and seizure based on a bar by the applicable statute of limitations;[1] 2) denied summary judgment on plaintiffs' § 1983 claims based on the City's alleged failure to return plaintiffs' property in May 2006; 3) limited, based on plaintiffs' repeated assertions, plaintiffs' conversion claim to the City's alleged failure to return plaintiffs' property after May 2006; and 4) denied summary judgment on plaintiffs' conversion claim based on the City's failure to establish the requisite factual record. In addition, with regard to plaintiffs' § 1983 claims based on the City's alleged failure to return property, the court stated:

> The court must always assure itself of its jurisdiction, however. See Image Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (stating that a federal court has an independent obligation to determine whether subject matter jurisdiction exists and may raise the issue at any stage in the litigation). It is unclear from the briefing currently before the court how the City's May 2006 behavior rises to the level of a federal constitutional harm. Therefore, within fourteen days of the date of this order, plaintiffs must show how their allegations state a federal constitutional claim giving this court subject matter jurisdiction.

(Doc. 28 at 5-6.) The court also notified the parties of its intention to decline to exercise supplemental jurisdiction over plaintiffs' conversion claim if the court's subject matter jurisdiction over plaintiffs' § 1983 claim was not established. See 28 U.S.C. § 1367(c)(3) (granting authority to district courts to decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it has original

---

[1] The facts related to the October 2004 search and seizure are set out in the court's memorandum and order. (Doc. 28 at 1-2.)

jurisdiction).  The parties briefed the issue and the matter is now before this court for resolution.

## II.  ANALYSIS

Plaintiffs argue that this court has subject matter jurisdiction over this matter based on the following:

> In failing to return plaintiffs' property, defendant improperly asserted a possessory interest over chattels and abridged plaintiffs' exclusive right of ownership and use of such property.  . . .  Further, there was no due process afforded either plaintiff in withholding this property from them; nor fair compensation provided to attenuate the loss.

(Doc. 29 at 3.)  Plaintiffs cite Zinermon v. Burch, 494 U.S. 113 (1990), in support of their contention that a claim brought via § 1983 is not precluded by an available remedy under state law, such as a claim for conversion.  (Doc. 29 at 3-4.)  The City responds that the Parratt-Hudson line of cases precludes plaintiffs' § 1983 claim. (Doc. 30 at 2.)

A plaintiff cannot raise a § 1983 procedural due process claim where the alleged loss of property resulted from the random and unauthorized actions of a state actor, which made the provision of pre-deprivation process impossible or impracticable, and an adequate state post-deprivation remedy exists.  Parratt v. Taylor, 451 U.S. 527, 540-41 (1981) overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986).  Even intentional deprivations of property do not constitute a Fourteenth Amendment violation if adequate state post-deprivation remedies are available.  Hudson v. Palmer, 468 U.S. 517, 533-36 (1984); see also Smith v. Colo. Dep't of Corr., 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees

-3-

pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Conversely, when the deprivation is caused by established state procedures, the existence of an adequate remedy at state law does not extinguish a procedural due process claim. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-37 (1982); Zinermon v. Burch, 494 U.S. 113, 136-39 (1990). In Logan, the Supreme Court held that the plaintiff suffered a procedural due process violation because established state procedures erroneously deprived him of his property interest in bringing a cause of action. Logan, 455 U.S. at 437. The Court distinguished the case from Parratt, noting that the plaintiff's deprivation was not random and unauthorized, but instead the result of an "'established state procedure' that destroy[ed] his entitlement without according him proper procedural safeguards." Id. at 436. In Zinermon, the Supreme Court held that the Parratt-Hudson doctrine is not applicable if the state had accorded its employees broad power and little guidance in effecting the alleged deprivation. 494 U.S. at 135. Therefore, when a plaintiff brings an action against a municipality claiming that established state procedures deprived the plaintiff of a property interest, Parratt is not applicable. The rationale of Parratt does not apply when the challenged actions comply with municipal policy. See Gillihan v. Shillinger, 872 F.2d 935, 938-39 (10th Cir. 1989) (holding that the state was not shielded from § 1983 liability for acts in compliance with policy); McKee v. Heggy, 703 F.2d 479, 482-83 (10th Cir. 1983) (same).

In their complaint, when discussing the underlying search

-4-

executed after issuance of the search warrant, plaintiffs discuss the alleged required procedure and then state: "This required procedure was totally ignored by Park City and its employees." (Doc. 1 Exh. A at ¶ 3.)  Plaintiffs then allege that executing officers did not comply with the search warrant (Id. at ¶ 4) and did not comply with the Kansas statute governing the disposition of seized property[2] (Id. at ¶ 7).  It is clear that plaintiffs are alleging the very kind of "random and unauthorized actions" contemplated by the Parratt-Hudson line of cases.  Plaintiffs do not allege that their harms were caused by an established state procedure, and even allege that they were harmed by the City's actors not following the established state procedure.  See Logan, 455 U.S. at 437.  Plaintiffs have not alleged abuse of a broadly delegated, uncircumscribed power.  See Zinermon, 494 U.S. at 136.  No pre-deprivation process is available to counter such an unauthorized harm.  As a result, plaintiffs' § 1983 claim is barred by the Parratt-Hudson doctrine, if there is an adequate post-deprivation remedy available.

It is clear that such a remedy exists for persons suffering the harm alleged by plaintiffs.  Plaintiffs could pursue an action for replevin under K.S.A. § 60-1005.  Section 60-1005 provides the procedure for actions to recover personal property, and specifically authorizes a replevin action for property in the custody of an officer as a result of any legal process.  See K.S.A. § 60-1005(c) ("If the property the possession of which is sought is in the custody of an officer under any legal process it shall nevertheless be subject to

---

    [2]    See K.S.A. § 22-2512 (governing the custody, storage and disposition of seized property).

replevin under this section. . . ."). Plaintiffs can also pursue their claim for conversion. <u>See</u> Doc. 29 at 3 (plaintiffs assertion that "[t]he property has either been lost or disposed of, or remains in possession of defendant or its agents, and as a result represents the textbook definition of conversion."). In addition, courts in this district have already determined that there is an adequate post-deprivation remedy under Kansas law for the type of harm alleged by plaintiffs' complaint. <u>See</u> <u>Wilkins v. Skiles</u>, No. 02-3190-JAR, 2005 WL 3084902, at *8 (D. Kan. Oct. 20, 2005) (finding that the plaintiff's Fourteenth Amendment procedural due process claim was barred because the claim was based on an alleged failure to follow state mandated procedures and the plaintiff had an adequate remedy under Kansas law based on a replevin action or an action for conversion); <u>Haynes v. Attorney General of Kan.</u>, No. 03-4209-RDR, 2005 WL 2704956, at *5 (D. Kan. Aug. 6, 2005) (finding that the plaintiff's Fourteenth Amendment due process claim was barred because the claims were based on random, unauthorized acts, and plaintiff had an adequate state law remedy under the Kansas Tort Claims Act or a claim for conversion); <u>McCormick v. City of Lawrence</u>, 253 F. Supp. 2d 1172, 1198-99 (D. Kan. 2003) (same).

Therefore, plaintiff's claims for damages caused by unauthorized conduct during the searches and for return of property seized fail because the state provides adequate post-deprivation remedies. Plaintiffs have not stated a cognizable federal claim. This federal court does not have jurisdiction over plaintiffs' § 1983 claim.

**III.  CONCLUSION**

Plaintiffs have not stated a cognizable federal claim and no

-6-

longer have a federal claim in this court.  Having dismissed all of plaintiffs' federal claims, there no longer exists any independent basis for subject matter jurisdiction over plaintiffs' remaining state law conversion claim.  The court declines to retain supplemental jurisdiction.[3]  See 28 U.S.C. § 1367(c)(3) (permitting a district court's denial of supplemental jurisdiction when the court has "dismissed all claims over which it has original jurisdiction").  This case is dismissed and the clerk is directed to enter judgment for defendant pursuant to Rule 58.

IT IS SO ORDERED.

Dated this   25th   day of October, 2007, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[3]  Defendant requested that the court exercise its supplemental jurisdiction over plaintiffs' conversion claim, arguing that it would best serve the interests of judicial economy based on this court's familiarity with the case.  The court, however, prefers that state matters are decided by state courts, and declines to exercise its supplemental authority for this reason.

-7-